**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON DIVISION**

| | |
|---|---|
| SHEILA CASTILLERO, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>XTEND HEALTHCARE, LLC and STAFF MANAGEMENT SOLUTIONS, LLC,<br><br>        Defendants. | CASE NO. |

**CLASS ACTION COMPLAINT FOR (1) VIOLATION OF WARN ACT 29 U.S.C. § 2101, *ET SEQ*., AND (2) VIOLATION OF VIOLATION OF NEW JERSEY MILLVILLE DALLAS AIRMOTIVE PLANT JOB LOSS NOTIFICATION ACT**

Plaintiff Sheila Castillero ("Plaintiff") alleges on behalf of herself and a class of similarly situated former employees by way of this class action Complaint against Xtend Healthcare, LLC and Staff Management Solutions, LLC (together, the "Defendants"), as follows:

**NATURE OF THE ACTION**

1. On or about April 7, 2022 and within ninety (90) days of that date, Defendants without notice terminated the employment of over 400 employees.

2. Plaintiff was an employee of Defendants until her termination on or about April 7, 2022.

3.  In carrying out these terminations, Defendants failed to give Plaintiff and the other similarly situated employees at least 60 days' advance notice of termination, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq.*, and the New Jersey Millville Dallas Airmotive Plant Job Loss Notification Act, PL. 2007, c.212, C.34:21-2, as amended ("New Jersey WARN Act") (together, the "WARN Acts"). As a consequence, Plaintiff and the other similarly situated employees seek their statutory remedies.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1334 and 1367 and 29 U.S.C. § 2104(a)(5).

5.  Venue is proper in this District pursuant to 29 U.S.C. § 2104(a)(5).

## THE PARTIES

### *Plaintiff*

6.  Plaintiff worked as a bilingual customer service representative for Defendants, starting on March 15, 2021.

7.  Plaintiff is a resident of the state of New Jersey.

8.  On April 5, 2022, Plaintiff was first notified that she would be terminated two days later on April 7, 2022.

9.  Plaintiff was terminated without cause by Defendants.

### *Defendants*

10.  Upon information and belief, Defendant Xtend Healthcare LLC ("Xtend") is a Tennessee-based corporation with headquarters located at 90 Volunteer Drive, Suite 150, Hendersonville, Tennessee.

11. Upon information and belief, Xtend is a foreign limited liability company with a registered agent address at P.O. Box 360, Trenton, New Jersey.

12. Upon information and belief, Xtend is a wholly-owned and -controlled subsidiary of Navient Corporation, a Fortune 500 company specializing in contact center solutions for federal, state and local government agencies.

13. Upon information and belief, Xtend is 100% focused on the healthcare industry.

14. Staff Management Solutions, LLC, is an Illinois corporation, headquartered in 433 W. Van Buren Street, Suite 400S Chicago, Illinois. ("Staff Management")

15. Staff Management is a wholly owned subsidiary of Trueblue, Inc., a $1 billion NYSE-traded Washington corporation, that does business under the trade name Staff Management SMX.

16. Defendant Xtend used Staff Management to assist it in recruiting, training, managing and paying individuals to work for it.

17. Upon information and belief, Defendants conducted business in New Jersey.

18. Upon information and belief, Defendants operated as a joint employer with respect to the employment of Plaintiff and other similarly situated individuals.

19. In December 2020, Xtend responded to the state of New Jersey's request for a proposal seeking a vendor to operate New Jersey's COVID-19 vaccination call center, as part of New Jersey's efforts to fight the COVID-19 pandemic (the "Call Center").

20. Xtend proposed to provide 1,300 agents working in Xtend's virtual call center.

21. The agents would all be working remotely from anywhere, using their own, personal cell phones, computers, internet services, and other peripheral devices and equipment.

22. Plaintiff and similarly situated class members scheduled vaccination appointments, answered consumer questions on navigating the registration systems, referred callers to other help-lines and resources, made reminder calls to potential second dose vaccination recipients, and provided other services related to the New Jersey Vaccine Scheduling System.

23. Defendants set up the Call Center and operated it on a virtual platform using Navient call center technology. Working within it were trainers, call center agents, supervisors, management, and quality management personnel support, among others.

24. Xtend was responsible for hiring call center agents, with a preference towards New Jersey residents.

25. Xtend used its internal human resources and recruiting departments and Staff Management to identify, attract, train, and retain call center agents.

26. Xtend developed and implemented call handling procedures for the Call Center, including a system to document answers to frequently asked questions (FAQs), standard call scripts, and basic case-handling protocols, and, with the assistance of Staff Management, trained Plaintiff and the similarly situated employees on such procedures.

27. Xtend's managers oversaw the operations of the Call Center, and provided services such as project management, quality control, project oversight, IT support, help desk support and performance analysis.

28. Upon information and belief, all operations in the Call Center were overseen by an Xtend Program Manager and two Program Oversight Managers, along with other Xtend employees in managerial and supervisory positions.

29. Upon information and belief, Xtend created agent schedules, managed call volume in real time to shift resources between inbound and outbound calling.

30. On information and belief, Staff Management handled payroll, and shared in other administrative and supervisory functions over the agents.

31. Defendants' managers and supervisors had continuous access to agent and team performance on the virtual platform

32. Defendants monitored and controlled agents at all times, questioning them when they were inactive at their computers for even short periods.

33. In early 2022, Defendants told Plaintiff and similarly-situated agents that their employment would continue for a year.

34. On information and belief, on or about February 24, 2022, Defendants conducted a reduction in force, terminating approximately 400 Call Center agents without notice.

35. Upon information and belief, on or about April 5, 2022, Defendants informed Plaintiff and approximately 400 other agents that they were terminated effective April 7.

36. Prior to April 7, 2022, Defendants never indicated to Plaintiff that her job was soon to end or close to ending.

37. On and after April 7, 2022, Defendants continued to provide customer agent services to New Jersey under the Vaccination Call Center contract.

38. Upon information and belief, Defendants, as a joint employer, made the decision to terminate the employment of Plaintiff and the other similarly situated former employees.

## **WARN CLASS ALLEGATIONS, 29 U.S.C. § 2104**

39. Plaintiff brings the First Claim for Relief for violation of 29 U.S.C. § 2101 *et seq.*, individually and on behalf of herself and all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Fed. R. Civ P. 23(a) and (b), who worked in the Call Center and who were terminated without cause on or about April 7, 2022, and within 90 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendants on or about April 7, 2022, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

40. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

41. Upon information and belief, Defendants employed approximately 400 employees who worked in the Call Center, and who received assignments from, or reported to, a single site of employment.

42. On information and belief, the identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in the books and records of Defendants.

43. On information and belief, the rate of pay and benefits that were being paid by Defendants to each WARN Class Member at the time of his/her termination is contained in the books and records of Defendants.

44. On information and belief, the sites to which each of WARN Class Members received assignments from, or reported to are contained in the books and records of Defendants.

45. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

(a) whether the members of the WARN Class were employees of the Defendants who worked in the Call Center;

(b) whether Defendants unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act; and

(c) whether Defendants unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Act.

46. Plaintiff's claims are typical of those of the WARN Class. Plaintiff, like other WARN Class members, worked in the Call Center and was terminated without cause on or about April 7, 2022, due to the mass layoff or plant closing ordered by Defendants.

47. Plaintiff will fairly and adequately protect the interests of the WARN Class. Plaintiff has retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

48. Within 90 days of April 7, 2022, Defendants terminated Plaintiff's employment as part of the mass layoff or plant closing as defined by 29 U.S.C. § 2101(a)(2), (3), and § 2102(d), for which they were entitled to receive 60 days' advance written notice under the WARN Act.

49. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendants, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

50. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

## NEW JERSEY WARN ACT CLASS ALLEGATIONS

51. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

52. Plaintiff brings this Claim for Relief for violation of the New Jersey Millville Dallas Airmotive Plant Job Loss Notification Act, PL. 2007, c.212, C.34:21-2, as amended. ("New Jersey WARN Act") on behalf of a class of similarly situated persons pursuant the New Jersey WARN Act and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked in the Call Center and were terminated without cause on or about April 7, 2022 (the "Class").

53. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

54. On information and belief, the identity of the members of the class and the recent residence address of each of the Class Members is contained in the books and records of Defendants.

55. On information and belief, the rate of pay and benefits that were being paid by Defendants to each WARN Class Member at the time of his/her termination is contained in the books and records of the Defendants.

56. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

   (a)   whether the members of the Class were employees of Defendants;

   (b)   whether Defendants unlawfully terminated the employment of the members of the Class without cause on their part and without giving them 60 days advance written notice in violation of the New Jersey WARN Act; and

   (c)   whether Defendants unlawfully failed to pay the Class members 60 days wages and benefits as required by the New Jersey WARN Act.

57. Plaintiff's claims are typical of those of the Class. Plaintiff, like other Class members, worked in the Call Center and was terminated on or about April 7, 2022 without cause.

58. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel competent and experienced in complex class actions on behalf of employees,

including the New Jersey WARN Act, the federal WARN Act, other similar state laws, and employment litigation.

59. Class certification of these Claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class, and because a class action superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of New Jersey WARN Class Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

60. Concentrating all the potential litigation concerning the New Jersey WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the New Jersey WARN Act rights of all the members of the Class.

61. Plaintiff intends to send notice to all members of the WARN and New Jersey WARN Classes to the extent required by Rule 23.

## FIRST CLAIM FOR RELIEF

### Violation of the WARN Act, 29 U.S.C. § 2104

62. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

63. At all relevant times, Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

64. At all relevant times, Defendants were an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a), and continued to operate as a business until they decided to order the mass layoff or plant closing on or about April 7, 2022.

65. Beginning on or about April 7, 2022, Defendants ordered a mass layoff and/or plant closing at a single site, as those terms are defined by 29 U.S.C. § 210l(a)(2),(3).

66. The mass layoff and/or plant closing resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(3) for at least fifty of Defendants' employees as well as thirty-three percent (33%) of Defendants' workforce, or at least 500 employees, pursuant to 29 U.S.C. § 2l01(a)(3)(B)(ii).

67. Plaintiff and the Class Members were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff and/or plant closing ordered by Defendants.

68. Plaintiff and the Class Members are "affected employees" of Defendants within the meaning of 29 U.S.C. § 2101(a)(5).

69. Defendants were required by the WARN Act to give Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

70. Defendants failed to give the Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

71. Plaintiff and each of the Class Members, are "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. § 2104 (a)(7).

72. Defendants failed to pay Plaintiff and each of the Class Members their respective wages for 60 days following their respective terminations, and failed to provide employee benefits under COBRA for 60 days from and after the dates of their respective terminations.

## SECOND CLAIM FOR RELIEF

### Violation of the New Jersey WARN ACT

73. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

74. At all relevant times, Defendants were an individual or private business entity defined as "employer" under the New Jersey WARN Act and continued to operate as a business until they decided to terminate operations at the Establishment and/or Facility as defined by PL. 2007, c.212, C.34:21-2, as amended.

75. On or about April 7, 2022, Defendants ordered a termination of operations as defined by the New Jersey WARN Act .

76. The Class Members suffered a termination of employment under the New Jersey WARN Act, having been terminated by Defendants without cause on their part.

77. Defendants were required by the New Jersey WARN Act to give the Class Members at least 60 days' advance written notice of their terminations.

78. Defendants failed to give the Class Members written notice that complied with the requirements of the New Jersey WARN Act.

79. Defendants failed to pay the Class Members their severance equal to at least one week of pay for each year of employment as required by the New Jersey WARN Act.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, individually and on behalf of all other similarly situated persons, pray for the following relief as against Defendants:

A. Certification of this action as a class action;

B. Designation of the Plaintiff as the Class Representative;

C. Appointment of the undersigned attorneys as Class Counsel;

D. A judgment in favor of Plaintiff and the other similarly situated former employees equal to the sum of: their unpaid wages for the 60 days, that would have been covered and paid for that period, and/or at least one week of severance pay for each year of employment, all determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A), and the New Jersey WARN Act PL. 2007, c.212, C.34:21-6, as amended, including any civil penalties; and

E. Such other and further relief as this Court may deem just and proper.

Dated:  April 11, 2022

Respectfully submitted,

By: /s/ *Gail C. Lin*
Gail C. Lin (Bar No. 036752001)
Jack A. Raisner *(pro hac vice to be filed)*
René S. Roupinian *(pro hac vice to be filed)*
**RAISNER ROUPINIAN LLP**
270 Madison Avenue, Suite 1801
New York, New York 10016
Telephone: (212) 221-1747
E-mail: gcl@raisnerroupinian.com
            jar@raisnerroupinian.com
            rsr@raisnerroupinian.com

*Attorneys for Plaintiff and the putative class*